**FOOD SERVICE CONSULTANTS, INC., Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. SC 83109.**

Supreme Court of Missouri,
En Banc.

Sept. 11, 2001.

Jeremiah W. (Jay) Nixon, Atty. General, Evan J. Buchheim, Alana M. Barragan–Scott, Asst. Attorneys General, Jefferson City, for Appellant.

Craig A. Sullivan, St. Louis, for Respondent.

**PETITION FOR REVIEW OF A DECISION OF THE ADMINISTRATIVE HEARING COMMISSION**

LAURA DENVIR STITH, Judge.

The Director of Revenue ("Director") appeals from the decision of the Administrative Hearing Commission ("Commission") granting a refund to Food Service Consultants for sales tax it collected from its customers during July and August 1999, pursuant to section 144.020.1(6), RSMo 1994, that provides that sales tax must be paid by a place where "meals or drinks are regularly served to the public."

Food Service Consultants operated a food service management company that

placed and maintained vending machines and operated cafeterias or "lunchrooms" on two business premises in the St. Louis area during July and August 1999, the tax periods at issue here. The buildings within which Food Service operated were fenced and gated, swipe cards were required to enter the buildings, and persons other than employees could gain access only by signing in with a receptionist and having an employee escort them to their destination in the facility. As a result, while anyone who had gained access to one of the buildings could purchase meals and drinks from the cafeteria within it from Food Service, as a practical matter only employees and others who were permitted to enter the buildings could actually reach the cafeterias.

Food Service purchased and prepared the food sold, provided the supplies and other equipment necessary for food preparation, and hired its own employees to staff the cafeterias. Food Service's cafeterias served its products via hot food lines, and served hot plate meals that included roast beef, hamburgers, mashed potatoes, french fries and green beans. It served a variety of sandwiches, desserts, and beverages and maintained a salad bar. It also sold food and drinks without preparation, including cartons of milk, juices, fruit, crackers and ice cream.

During the tax periods at issue here, Food Service did not pay sales tax on its purchases of food and drinks that it later sold in its cafeterias. Rather, Food Service issued tax-exemption certificates to its suppliers. Food Service then collected sales tax from its customers on its sales of meals and drinks in the cafeterias and paid these sales taxes to the Director under protest. Subsequently, it sought a refund from the Director for the tax it collected from its customers during July and August 1999 on the ground that its cafeterias were not places in which meals and drinks were regularly served to the public as required under section 144.020.1(6). In support, it cited *Greenbriar Hills Country Club v. Director of Revenue*, 935 S.W.2d 36 (Mo. banc 1996), in which this Court held that a country club's sales of meals and drinks to its own members did not constitute sales to the public and, hence, were not subject to sales tax. The Director denied Food Service's refund claims.

Food Service filed a complaint with the Commission challenging the Director's decision. Following a hearing, the Commission found that Food Service was entitled to a refund. It concluded that the cafeteria sales were not "regularly [made] to the public" under section 144.020.1(6) because the cafeterias were located in facilities to which access was controlled and restricted to employees of the businesses in the buildings and other legitimate visitors. The Commission further refused the Director's request that it offset Food Service's refund by the amount of sales tax that Food Service avoided on its purchases of food and drinks that it later sold in its cafeterias by issuing exemption certificates to its suppliers, noting that the Director had never assessed Food Service for this tax and the Commission did not have authority to make "assessment[s] of taxes *ab initio*." The Director appeals.

The facts and issues in this case are substantially the same as those in *J.B. Vending Co., Inc. v. Director of Revenue*, 54 S.W.3d 183 (Mo. banc 2001), also decided by this Court today. As does Food Service, J.B. Vending operates a vending and food service business in several Missouri business facilities. Those facilities all restrict access to their buildings to employees and others that have a legitimate business reason to be on the premises. Although access to the facilities is

controlled, once within the facility, anyone is able to eat in J.B.'s cafeteria.

Section 144.020.1(6) imposes a sales tax on a restaurant "or other place in which rooms, meals or drinks are regularly served to the public." Similar to Food Service, the taxpayer in *J.B. Vending* sought a refund of the sales tax it had collected from its customers on the grounds that its cafeteria sales were not taxable under section 144.020.1(6) because the cafeterias were not places that regularly served the public. *J.B. Vending* rejected the taxpayer's argument that the word "public" in section 144.020.1(6) refers only to the populace as a whole. *J.B. Vending* held that, consistent with prior interpretations of the word "public" and with canons of statutory construction determining legislative intent, the word "public", as used in section 144.020.1, does not require that the entire populace have a practical ability to buy meals and drinks at an establishment in order for that establishment to be required to pay sales tax. *J.B.* distinguishes *Greenbriar* by noting that it simply held that the taxpayer country club's sales of meals and drinks to its own members—in effect, its sales to itself—did not constitute sales to the public. *J.B. Vending* held that J.B. sold meals and drinks to persons other than itself, its members, or even its own employees. It provided cafeteria services to those companies that wanted to contract with it and made its meals and drinks available to all who came to its cafeterias. It sold meals and drinks to the public.

The principles set out in *J.B. Vending* are dispositive here. For the reasons set out in that opinion, the Commission's decision is reversed, and the case is remanded.

WHITE, HOLSTEIN, WOLFF and BENTON, JJ., concur.

PRICE, J., dissents in separate opinion filed.

LIMBAUGH, C.J., concurs in opinion of PRICE, J.

PRICE, Judge, dissenting.

For the reasons set out in my separate opinion in *J.B. Vending Company, Inc. v. Director of Revenue*, 54 S.W.3d 183 (2001), I dissent.